SCURA, MEALY, WIGFIELD & HEYER, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
David L. Stevens, Esq.(DS 4531)
Counsel to the Defendants Bulldog Marketing, LLC
and David Willis

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PERMALIFE PRODUCTS, LLC ET AL.,<br><br>    Debtor.<br>―――――――――――――――<br>PERMALIFE PRODUCTS, LLC; NEW YORK RUBBER RECYCLING, LLC; BRISTOW RUBBER RECYCLING, LLC; AND ARIZONA RUBBER AND RECYCLING, LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TSJ DIRT, LLC; JERRY MORRISON; TIM WILLIAMS; DON C. FLETCHER, ESQ.; LAKE & COBB PLC; JIM P. MA; BULLDOG MARKETING, LLC D/B/A BULLDOG RUBBER AND RECYCLING' DAVID WILLIS; AND IDM, LLC.,<br><br>    Defendants. | Case No. 09-11482 (MS)<br><br>Chapter 11<br>**Jointly Administered**<br><br>Honorable Morris Stern<br><br>Adv. Pro. No. 10-1079<br><br><br>Pretrial Conference: April 27, 2010<br>At 10:00 a.m. |

**ANSWER, AFFIRMATIVE DEFENSES, and CROSS CLAIMS**
**AGAINST JERRY MORRISON AND JIM MA**

Defendant Bulldog Marketing LLC d/b/a/ Bulldog Rubber and Recycling ("Bulldog") and Defendant David Willis ("Willis"), by way of Answer to the Adversary Complaint ("Complaint"), and respectfully avers as follows:

1.     Bulldog and Willis (hereinafter collectively referred to as "Defendants") admit the allegations within the corresponding paragraph of the Complaint.

2.     The corresponding paragraph of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 2.

3.     The corresponding paragraph of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 3.

4.     The corresponding paragraph of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 4.

5.     The allegations within the corresponding paragraph of the Complaint are admitted.

6.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

7.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

8.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

9.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

10.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

11.    The allegations within the corresponding paragraph of the Complaint are admitted.

12.    The allegations within the corresponding paragraph of the Complaint are admitted.

13.    Defendants are without sufficient knowledge, information and belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and therefore cannot either admit or deny but leaves Plaintiff to its proofs.

14.    The allegations within the corresponding paragraph of the Complaint are admitted.

15.    The allegations within the corresponding paragraph of the Complaint are admitted.

16.    The allegations within the corresponding paragraph of the Complaint are admitted.

17.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of

the Complaint and, therefore, deny same.

18.     The allegations within the corresponding paragraph of the Complaint are admitted.

19.     The allegations within the corresponding paragraph of the Complaint are denied.

20.     The allegations within the corresponding paragraph of the Complaint are denied.

21.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

22.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

23.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

24.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

25.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

26.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

27.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

28.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

29.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

30.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

31.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

32.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

33.    Defendants are without sufficient knowledge, information, or belief to form

an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

34.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

35.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

36.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

37.     The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

38.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

39.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

40.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

41.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

42.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

43.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

44.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

45.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

46.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

47.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

48.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

49.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of

the Complaint and, therefore, deny same.

50.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the allegation that Break Rubber lost interest in purchasing the Cracker Mill and therefore deny same.  Defendants admit that its deposit was refunded on or about December 8, 2009.

51.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

52.     The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

53.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

54.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

55.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

56.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

57.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

58.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

59.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

60.     Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

61.     The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

62.     The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

63.     Defendants admit that it removed a Cracker Mill and various conveyors from TSJ's property on or about December 21, 2009 and transported to Bulldog's plant in California.  Defendants further admit that it repair and presently uses the Cracker Mill but denies that the conveyors are operable.  Except as expresses admitted herein, Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the remaining allegations within the corresponding

paragraph of the Complaint and, therefore, deny same.

64.    The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

65.    The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

66.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

67.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

68.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

69.    The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

70.    The allegations within the corresponding paragraph of Plaintiff's Complaint are admitted.

71.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

72.    Defendants are without sufficient knowledge, information, or belief to form

an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

73.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

74.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

75.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

76.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

77.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

## FIRST COUNT

78.    Defendants repeat its responses to the allegations in the proceeding paragraphs as though set forth in full.

79.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

80.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 80 is denied.

81.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 81 is denied.

82.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 82 is denied.

## SECOND COUNT

83.    Defendants repeat its responses to the allegations in the proceeding paragraphs as though set forth in full.

84.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

85.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

86.    Defendants are without sufficient knowledge, information, or belief to form

an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

87.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

88.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

89.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

90.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

91.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

92.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

93.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 93 is denied.

94.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 94 is denied.

95.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 95 is denied.

96.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 96 is denied.

97.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

98.    The allegations within the corresponding paragraph of Plaintiff's Complaint are denied.

## THIRD COUNT

99.    Defendants repeat its responses to the allegations in the proceeding paragraphs as though set forth in full.

100.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

101.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

102.    The allegations within the corresponding paragraph of Plaintiff's Complaint contain legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendants deny the rest and remainder of Paragraph 102 is denied.

103.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

104.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

## FOURTH COUNT

105.    Defendants repeat its responses to the allegations in the proceeding paragraphs as though set forth in full.

106.    Defendants are without sufficient knowledge, information, or belief to form an opinion as to the truth of the allegations found in the corresponding paragraph of the Complaint and, therefore, deny same.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively allege that if the equipment referred to in the Complaint is found to be property of the Debtor's estate, the Debtor has not been damaged by Bulldog's or Willis' actions.

## THIRD AFFIRMATIVE DEFENSE

The claims of the Debtor against the Defendants are barred by the doctrines of setoff and recoupment.

## FOURT AFFIRMATIVE DEFENSE

Venue is this District is improper, and this adversary proceeding should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1409(d) or, in the alternative, pursuant to 28 U.S.C. § 1412

## PRAYER

**WHEREFORE**, Defendants prays for judgment or relief against the Plaintiffs as follows:

1. That the claims against Bulldog Marketing LLC and David Willis be dismissed with prejudice and that the Plaintiff take nothing;

2. That said Defendants be awarded its attorneys' fees, costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages, as this Court deems just and proper.

## CROSSCLAIM

Bulldog Marketing LLC, by way of a Cross-Claim against Defendants Jim P. Ma and Jerry Morrison says as follows:

## JURISDICTION AND VENUE

1. This Cross-Claim relates to a case under Title 11, Chapter 11, of the United States Bankruptcy Code ("the Bankruptcy Code").

2. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 157, 1332(b) and 1334.

3. This Cross-Claim relates to a case under Title 11, Chapter 11, of the United States Bankruptcy Code ("the Bankruptcy Code").

4. Venue is proper in this judicial district pursuant to 11 U.S.C. § 1409(a).

## THE PARTIES

5. Defendant/Crossclaimant Bulldog Marketing, LLC d/b/a Bulldog Rubber and Recycling ("Bulldog"), is a limited liability company with a principal place of business at 2241 La Mirade Drive, Vista, State of California.

6. Bulldog is a tire recycling company that grinds used tires into crumb rubber and rubber mulch from waste tires.

7. Cross-claim Defendant Jim P. Ma is an individual residing at 106 East 5th Street, Eloy, State of Arizona, and a citizen of the State of Arizona.

8. Cross-Claim Defendant Jerry Morrison, is an individual, and upon information and belief, a citizen of the State of Arizona.

## BACKGROUND

9. In order to procure a substantial contract with the State of California, it was necessary for Bulldog to purchase a specific piece of additional equipment referred to as a Cracker Mill.

10. The Cracker Mill would be relied upon throughout the life of the contract to fulfill it promises there under.

11. On or Prior to December 18, 2009, Bulldog, through its principal David Willis, negotiated the purchase of certain rubber recycling equipment consisting of various conveyors and a Artisan dual Drive 24 x 36 Cracker Mill (the "Cracker Mill").

12. All negotiations occurred through Defendant Morrison on behalf of Defendant Ma.

13. Morrison negotiated the price and terms of the agreement to purchase the Cracker Mill; met with Bulldog at the Eloy facility to inspect the Cracker Mill; and made arrangements for the delivery of the equipment to Bulldog.

14. During the course of negotiations to purchase the Cracker Mill, Morrison made statements to Bulldog that Ma possessed good and marketable title to same.

15. Bulldog paid $125,000 to Ma for the purchase of said Cracker Mill.

16. Bulldog subsequently paid to relocate the Cracker Mill to its plant in California and expended approximately $90,000 to repair and service the Cracker Mill.

17. Premised partly on Bulldog's ownership of the Cracker Mill, Bulldog procured the aforementioned contract with the State of California.

## COUNT ONE
### (Breach of Implied Warranty of Title)

18. Bulldog repeats and re-alleges the allegations set forth above as if set forth fully herein.

19. Upon information and belief, at the time of contracting for the sale, Ma was familiar with Bulldogs business operations and had knowledge of the particular requirements and needs of Bulldog in obtaining the Cracker Mill.

20. Upon information and belief, Ma knew at the time of contracting that Bulldog's specific requirements made it difficult to obtain a substitute Cracker Mill.

21. Bulldog expected and Ma warranted that:

    a. the title conveyed is good;

    b. the transfer is rightful; and

    c. the transfer did not unreasonably expose Bulldog to litigation because a third person has or asserts a "colorable claim" to or interest in the Cracker Mill.

22. Bulldog is a defendant in the instant Complaint wherein the Debtor claims an interest in Cracker Mill, that Ma never had the right to transfer good title, and that the Cracker Mill must be turned-over.

23. The Debtor has further demanded damages, including attorneys' fees and cost from Bulldog.

24. Should Bulldog be ordered to turn-over the Cracker Mill as a result of Ma's failure to convey good title, Bulldog will suffer damages as a consequence of its breach of contract with the State of California.

25. At the time of contracting with Ma, Bulldog reasonably relied on Ma's promise that there would be no need to contest ownership to the Cracker Mill.

26. Bulldog did not have actual notice of any security interest or other lien or encumbrance at the time of contracting and payment for the Cracker Mill.

**WHEREFORE**, Defendant/Cross Claimant Bulldog Marketing, LLC requests judgment against Defendant Jim P. Ma for compensatory, consequential, and incidental damages, to include attorneys' fees, and costs of suit, and such other and further relief as the court may deem proper.

## COUNT TWO
### (Breach of Contract)

27. Bulldog repeats and re-alleges the allegations set forth above as if set forth fully herein

28. Bulldog and Ma entered into a contract whereby Ma agreed to transfer good, rightful, and marketable title to Bulldog.

29. Bulldog complied with all conditions precedent to Ma's performance under said contract by paying $125,000 to Ma and transporting the Cracker Mill to Bulldog's California facility.

30. Bulldog reasonably expected and relied on Ma transferring good, rightful, and marketable title of the Cracker Mill to Bulldog in exchange for said purchase price.

31. Defendant breached the contract by not transferring good, rightful, and marketable title to Bulldog.

32. Ma's breach of contract is material and in no way constitutes substantial performance of the terms of said contract.

**WHEREFORE**, Defendant/Cross Claimant Bulldog Marketing, LLC requests judgment against Defendant Jim P. Ma for compensatory, consequential, and incidental damages, to include attorneys' fees, and costs of suit, and such other and further relief as the court may deem proper.

## COUNT THREE
### (Common Law Fraud)

33. Bulldog repeats and re-alleges the allegations set forth above as if set forth fully herein.

34. The purchase of the Cracker Mill was arranged through Morrison on behalf of Ma.

35. Morrison stated to Bulldog's principal, David Willis, that Ma presently possessed good and marketable title to the Cracker Mill.

36. The representations that Ma possessed good and marketable title were material misstatement.

37. Morrison's representations that Ma possessed good and marketable title were knowingly false.

38. Morrison intended to induce Bulldog into purchasing the Cracker Mill based on Morrison's false representations.

39. Bulldog believed Morrison's representations and justifiably relied on Morrison's misrepresentations or silence as to the true nature of the title conveyed and paid $125,000 to Ma.

40. Bulldog suffered damages as a result.

**WHEREFORE**, Bulldog demands judgment against Morrison for:

a. Actual, consequential, treble and punitive damages resulting from Morrison's fraud;

b. Any reasonable attorneys' fees and costs of litigation;

c. Other relief as the Court deems just.

## COUNT FOUR
### (Fraudulent Misrepresentation)

41. Bulldog repeats and re-alleges the allegations set forth above as if set forth fully herein.

42. The purchase of the Cracker Mill was arranged through Morrison on behalf of Ma.

43. Morrison was personally involved with Bulldog's purchase of the Cracker Mill from Ma, to include;

44. Morrison negotiated the price and terms of the agreement to purchase the Cracker Mill;.

45. Morrison met Bulldog at the Eloy facility to inspect the Cracker Mill;

46. Made arrangements for the delivery of the equipment to Bulldog.

47. During the course of negotiations to purchase the Cracker Mill, Morrison made statements to Bulldog that Ma possessed good and marketable title to same.

48. Morrison's representations that Ma possessed good and marketable title were knowingly false.

49. Bulldog justifiably relied on Morrison's misrepresentations or silence as to the true nature of the title conveyed and paid $125,000 to Ma.

50. Bulldog suffered damages as a result.

**WHEREFORE**, Bulldog demands judgment against Morrison for:

    d.  Actual, consequential, treble and punitive damages resulting from Morrison's fraud;

    e.  Any reasonable attorneys' fees and costs of litigation;

    f.  Other relief as the Court deems just.

<u>COUNT FIVE</u>
(Civil Conspiracy to Commit Fraud)

51. Bulldog repeats and re-alleges the allegations set forth above as if set forth fully herein.

52. Defendants Morrison and Ma conspired and colluded with each other to commit a fraudulent act by entering into a conspiratorial agreement to, among other things:

    a.  the title conveyed is good;

    b.  the transfer is rightful; and

    c.  the transfer did not unreasonably expose Bulldog to litigation because a third person has or asserts a "colorable claim" to or interest in the Cracker Mill.

53. The unconscionable commercial practices, misrepresentations and intentional omissions made jointly and/or individually by said defendants, or through their agents, misled Bulldog, preventing it from discovering the scheme, and causing Ma to unfairly profit from the transaction.

54. But for the unconscionable commercial practices, misrepresentations and acts of concealment by the said defendants, jointly and/or individually, Bulldog would not have proceeded with the purchase of the Cracker Mill, transported same to its California facility, or paid for the repair and service of the Cracker Mill.

**WHEREFORE**, Bulldog demands judgment against Morrison and Ma, jointly and severally for:

    g. Actual, consequential, treble and punitive damages resulting from Morrison and Ma's fraud;

    h. Any reasonable attorneys' fees and costs of litigation;

    i. Other relief as the Court deems just.

<u>COUNT SIX</u>
(Unjust Enrichment)

55. Bulldog repeats and re-alleges all previous paragraphs of the complaint as though fully set forth herein.

56. Bulldog paid $125,000 to Ma for the purchase of the Cracker Mill.

57. The aforesaid payments directly benefited Ma at the expense of Bulldog.

58. In the event it is found that Ma did not possess title to the Cracker Mill, and that Bulldog's legal arguments are not successful, it would inequitable for Ma to have prospered from the purchase transaction.

**WHEREFORE**, Bulldog demands judgment against Ma for:

    j. The total amount of the purchase price paid to Ma for the Cracker Mill;

    k. Other relief as the Court deems just.

## COUNT SEVEN
### (Contribution)

Without admitting any liability herein, the answering Defendants assert that if any liability should be found against it, these Defendants are entitled to and hereby claims contribution from all co-defendants, whenever made a party to this case, jointly and severally.


SCURA, MEALEY, WIGFIELD & HEYER
Attorneys for Defendants
Bulldog Marketing LLC and David Willis


Dated: March 29, 2010                    BY:  /s/ David L . Stevens
David L. Stevens (4531)